UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TAMMY HAMMOND,<br>    Plaintiff,<br><br>v.<br><br>OFFICER KYLE LONG; ANIMAL CONTROL OFFICER CARRIE HERB,<br>    Defendants. | **COMPLAINT**<br><br>Civil Action No.:<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Tammy Hammond, by her attorneys Conway, Londregan, Sheehan & Monaco, P.C., as and for her Complaint against the Defendants Kyle Long, and Carrie Herb, of the Ledyard Police Department, alleges as follows:

## NATURE OF THE ACTION

1. This is an action brought pursuant to 42 U.S.C. § 1983, the First, Fourth and Fourteenth Amendments to the United States Constitution and the common law of Connecticut sounding in tort to redress the unlawful wrongful arrest, malicious prosecution, and retaliatory prosecution of Plaintiff and use of excessive force on the part of the Defendants, acting under color of law.

2. Plaintiff seeks compensatory and punitive damages, and attorney's fees and costs, as provided by law, for her injuries and losses.

## JURISDICTION AND VENUE

3. This is a civil rights action arising, *inter alia*, under 42 U.S.C. § 1983, and the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, and 1343(a)(3) and (4)

and supplemental jurisdiction over the claims arising out of Connecticut law pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the conduct complained of in this action occurred in Ledyard, Connecticut and New London, Connecticut and had its impact in Connecticut.

## THE PARTIES

5. Plaintiff Tammy Hammond ("Ms. Hammond") is an adult female citizen of the United States who resides in Ledyard, Connecticut.

6. Defendant Kyle Long is, and at all relevant times was, a Police Officer with the Ledyard Police Department. He is sued only in his individual capacity.

7. Defendant Carrie Herb is, and at all relevant times was, an Animal Control Officer in the Town of Ledyard. She is sued only in her individual capacity.

8. At all times material to this action, Defendants Long and Herb were acting under color of law.

## FACTS COMMON TO ALL COUNTS

9. At all times material to this action, Ms. Hammond resided at 109 Church Hill Road in Ledyard Connecticut (the "Residence").

10. On May 1, 2022 Ms. Hammond was issued a citation (the "Citation") for violation of C.G.S. §22-364(a) which states in pertinent part:

(a) No **owner or keeper** of any dog shall allow such dog to roam at large upon the land of another and not under control of the owner or keeper or the agent of the owner or keeper… The unauthorized presence of any dog on the land of any person other than the owner or keeper of such dog or on any portion of a public highway when such dog is not attended by or under the control of such owner or keeper, shall be prima facie evidence of a violation of the provisions of this subsection. Violation of any provision of this subsection shall be an infraction…(*Emphasis added*)

11. On May 1, 2022 the Citation issued to Ms. Hammond also included a charge for violation of C.G.S. §22-363 which states in pertinent part:

> No person shall own or harbor a dog or dogs which is or are a nuisance by reason of vicious disposition or excessive barking or other disturbance, or, by such barking or other disturbance, is or are a source of annoyance to any sick person residing in the immediate vicinity. Violation of any provision of this section shall be an infraction for the first offense and a class D misdemeanor for each subsequent offense and the court or judge may make such order concerning the restraint or disposal of such dog or dogs as may be deemed necessary.

12. At all times material to this action and on May 8, 2022, the Citation was not yet resolved with the Connecticut Superior Court and remained pending.

13. On May 8, 2022, Ms. Hammond was at work for most of the day.

14. On May 8, 2022 Ms. Hammond's husband, Brett Hammond ("Mr. Hammond") was at the Residence with the family dog in his possession.

15. At some time on May 8, 2022 Mr. Hammond allowed the family dog out into the yard of the Residence.

16. Ms. Hammond was not at the Residence when her husband permitted the family dog to go out into the yard of the Residence.

17. At approximately 2 pm on May 8, 2022 Defendant Herb was notified by Ms. Hammond's neighbor at 113 Church Hill Road that the Hammond family dog was on her property.

18. Despite the fact that the Citation had not yet been disposed of and no guilty finding made, and without determining who was responsible for the release of the family dog, Defendant Herb made the decision to issue a misdemeanor summons to Ms. Hammond.

19. Defendant Herb did not determine how the previously issued Citation was disposed of, or if it had been disposed of at all.

3

20. Defendant Herb did not conduct a criminal background check to determine if Ms. Hammond had a prior conviction for violation of C.G.S. §22-363.

21. Defendant Herb did not follow proper protocol and issue a citation to Ms. Hammond and allow the State's Attorney to charge Ms. Hammond as a subsequent offender pursuant to C.G.S. §22-363 with a Part-B information.

22. At the time of Defendant Herb's improper arrest of Ms. Hammond, Defendant Herb was not acting on speedy information; Defendant Herb did not witness a crime being committed and Defendant Herb did not have probable cause to arrest Ms. Hammond.

23. Despite this and instead of applying for an arrest warrant, Defendant Herb went to the Residence with Defendant Long in order to issue Ms. Hammond a misdemeanor summons for an alleged second violation of C.G.S. §22-363.

24. Before speaking to anyone at the Residence to determine who the responsible party was Defendant Herb went to the Residence with the summons form completed in Ms. Hammond's name.

25. Defendant Long made no inquiry into the validity of the summons that Defendant Herb sought his assistance in issuing, nor did he inquire as to the probable cause for the charges alleged in the summons.

26. Defendant Long failed to investigate or otherwise question the circumstances which led to Defendant Herb's decision to issue a summons without probable cause.

27. Upon arriving at the Residence, Defendant Long knocked on the door and both Mr. and Ms. Hammond answered the knock with Mr. Hammond going outside the Residence to speak to the Defendants whilst Ms. Hammond remained inside the

Residence.

28. Upon exiting the Residence Mr. Hammond indicated to the Defendants that he let the dog out of the Residence during the day while Ms. Hammond stated to the Defendants that she was at work.

29. In response to these statements, Defendant Herb stated, "well the ticket is going to [Ms. Hammond] just because that's who the last ticket went to."

30. The Defendants asked Mr. Hammond to go inside and request that Ms. Hammond come out and sign a misdemeanor summons. At Defendants' request, Mr. Hammond entered the residence.

31. Defendant Long followed Mr. Hammond to the threshold of the doorway and opened the door to the Residence by placing his foot inside the threshold of the doorway. Ms. Hammond immediately told him not to enter the Residence.

32. Mr. Hammond requested that the summons be issued in his name and Defendant Herb refused indicating that it is in "Tammy's name because it is a misdemeanor summons."

33. When Ms. Hammond asked why the summons was issued in her name despite the fact that she was not present at the Residence when the family dog was outside, Defendant Herb responded, "because it's the second incidence."

34. After Ms. Hammond refused to sign the summons Defendant Long indicated that if she "refuse[d] to sign it then we will have to take you in and arrest you for interfering."

35. Despite Ms. Hammond's repeated requests that Defendant Long leave the Residence, he remained inside the doorway during the entirety of the interaction, repeatedly telling Ms. Hammond that he was not in the house rather he was in the

doorway and once Ms. Hammond came out, he would no longer be in the house.

36. Ms. Hammond came outside and acknowledged the misdemeanor summons and returned to the Residence and closed the door without taking the summons as Defendant Long instructed her to do.

37. Rather than seek an arrest warrant for Ms. Hammond's arrest, Defendant Long pursued Ms. Hammond into the Residence breaking the front door in order to gain entry to the Residence and forcefully take Ms. Hammond into custody.

38. After forcefully entering the Residence, Defendant Long grabbed Ms. Hammond's arm and forced her against the broken door frame and restrained her hands behind her back.

39. While keeping her hands restrained behind her back, Defendant Long removed Ms. Hammond from the Residence and pushed her down the front step of the Residence face first onto the front lawn of the Residence.

40. Defendant Long landed on top of Ms. Hammond with the full force of his body-weight on her back.

41. Defendant Long remained on Ms. Hammond's back and secured her wrists with handcuffs.

42. During Defendant Long's interaction with Ms. Hammond, Defendant Herb failed to intervene.

43. Pursuant to the State of Connecticut Police Officer Standards and Training Council Use of Force Policy (the "Policy") Police Officers are under a duty to de-escalate and use mitigation measures rather than resorting to use of force where practicable.

44. According to Section Five of the Policy, (De-escalation and Mitigation),

6

Officers should use force as a last resort and employ de-escalation and mitigation techniques to the greatest extent practicable…De-escalation is most effective when done purposefully, with patience and flexibility.

45. The Policy defines "De-escalation" as the use of strategies and/or techniques to reduce the intensity of or stabilize a conflict or potentially volatile situation. Whereas "Mitigation" means the action of reducing the danger, severity, seriousness, or potential harmfulness of a condition or circumstance.

46. Pursuant to the Policy, the use of force must be reasonable and proportionate to the threat encountered and Physical force may only be used to achieve a lawful purpose.

47. Pursuant to the Policy, Section 4(B) Defendant Herb had a duty to intervene.

48. The Defendants failed in all respects to comply with the Policy.

49. Defendants' misapplication and misstatement of the law caused their confrontation with Ms. Hammond to escalate.

50. The summons issued by Defendant Herb was unlawful, as was the arrest of Ms. Hammond pursuant to such summons. Defendant Long's use of force in taking Ms. Hammond into custody was not used to achieve a lawful purpose and resulted from Defendants' conduct in failing to de-escalate the situation and failure to properly carry out their duties.

51. As a result of the Defendants' conduct, Ms. Hammond has suffered and continues to suffer the following injuries all or some of which may be permanent in nature:

   a. Exacerbation of a pre-existing back injury and associated spinal fusion;

      b. Comminuted nasal fracture;

      c. Deviated septum;

      d. Lesion on nose;

      e. Neck, back, and shoulder pain; and

      f. Numbness and tingling in her extremities.

52. As a further result of the Defendants' conduct, Ms. Hammond was forced to incur expenses for hospitalization, medical care and attention, diagnostic testing, medication, attend court hearings, suffered anxiety, mental anguish, emotional distress and pain and physical injury all to her further loss and detriment.

## **CLAIMS FOR RELIEF**

**FIRST CAUSE OF ACTION: Violation of 42 U.S.C. § 1983**

1-52. Ms. Hammond repeats and realleges paragraphs 1-52 of the Complaint as if fully set forth herein.

53. By the actions and omissions described above, the Defendants acted under color of law and violated 42 U.S.C. § 1983, depriving Ms. Hammond of her Constitutional right to be free from unreasonable searches and seizures, as protected by the Fourth and Fourteenth Amendments to the United States Constitution.

54. As a direct and proximate result of Defendants' acts and omissions described above, Ms. Hammond sustained injuries and damages as set forth above.

**SECOND CAUSE OF ACTION: False Arrest/False Imprisonment**

1-54. Ms. Hammond repeats and realleges paragraphs 1-54 of the Complaint as if fully set forth herein.

55. The Defendants knowingly and intentionally arrested, detained, and

imprisoned Ms. Hammond against her will without probable cause.

56. The Defendants deliberately disregarded the law and the elements of the charged offenses when they knowingly and intentionally arrested, detained, and imprisoned Ms. Hammond against her will without probable cause.

57. Ms. Hammond's arrest, detention and imprisonment were wholly unlawful.

58. The prosecution of the charges terminated in favor of Ms. Hammond.

59. By the acts and omissions described above, the Defendants engaged in false arrest and/or false imprisonment of Ms. Hammond.

60. As a direct and proximate result of Defendants' acts and omissions described above, Ms. Hammond sustained injuries and damages as set forth above.

**THIRD CAUSE OF ACTION: Malicious Prosecution**

1-60. Ms. Hammond repeats and realleges paragraphs 1-60 of the Complaint as if fully set forth herein.

61. The Defendants initiated criminal proceedings against Ms. Hammond.

62. The criminal proceedings terminated in favor of Ms. Hammond.

63. The Defendants acted without probable cause and with malice toward Ms. Hammond.

64. By the acts and omissions described above, the Defendants engaged in malicious prosecution of Ms. Hammond.

65. As a direct and proximate result of Defendants' acts and omissions described above, Ms. Hammond sustained injuries and damages as set forth above.

**FOURTH CAUSE OF ACTION: Negligent Infliction of Emotional Distress**

1-65. Ms. Hammond repeats and realleges paragraphs 1-65 of the Complaint as if fully set forth herein.

66. The Defendants conduct as described herein created an unreasonable risk of causing the Plaintiff emotional distress.

67. Such emotional distress was foreseeable.

68. The emotional distress was so severe as to result in illness or bodily harm as described herein.

69. The Defendants' conduct was the cause of the Plaintiff's emotional distress in that the Defendants failed to act in accordance with the law and failed to properly perform their duties.

70. As a direct and proximate result of Defendants' acts and omissions described above, Ms. Hammond sustained injuries and damages as set forth above.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff claims judgment against the Defendants and each of them as follows:

A. Compensatory damages in an amount this Court shall consider to be just, reasonable and fair;

B. Punitive damages in an amount this Court shall consider to be just, reasonable and fair;

C. Attorneys' fees and costs, as appropriate;

D. Such other relief as this Court shall consider to be fair and equitable.

Dated: March 9, 2023

Respectfully Submitted,
THE PLAINTIFF,
TAMMY HAMMOND,
BY HER ATTORNEY,

<u>/s/ Dean A. Hanafin</u>
Dean A. Hanafin ct30130
Conway, Londregan, Sheehan & Monaco
38 Huntington St.
New London, CT 06320
T: (860) 447-3171
F: (860) 444-6103
dhanafin@clsmlaw.com